IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. JONES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 17 CV 4961 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| MERRILLVILLE LAKES C/O TONY ) | |
| LAMONIA, OCULUS DEVELOPMENT, ) | |
| LLC, 1202 E. MONROE STREET ) | |
| CHICAGO, IL 60607 ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3). Motion for Leave to Proceed *In Forma Pauperis* [4] is denied as moot. Motion for Attorney Representation [5] is denied as moot.

## STATEMENT

Plaintiffs Michael E. Jones, Joyce A. Hatchett, and Maylan A. Hatchett ("Plaintiffs") bring this action against Defendant Merrillville Lakes c/o Tony Lamonia, Oculus Development, LLC, 1202 E. Monroe Street, Chicago, IL 60607 ("Defendant"). Plaintiffs seek the return of their security deposit from Defendant, totaling $1,151.00. Plaintiffs paid Defendant the security deposit in connection with the leasing of 8450 Grant Circle, Apt. C-205, Merrillville, Indiana 46410. Plaintiffs allege that they vacated the apartment on April 10, 2016, and left the apartment in "move-in normal wear and tear condition," but Defendant has yet to refund their security deposit. For the following reasons, this case is dismissed.

The complaint lodged by Plaintiffs seeks to recover damages in the sum of $1,151.00 and does not set forth a claim under the Constitution, laws, or treaties of the United States. Thus, Plaintiffs' proposed complaint, on its face, fails to set forth a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (Federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." (citing Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274, 278 (1977)); Wisconsin Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) (District courts must first "check to see that federal jurisdiction is properly alleged."); Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 606 (6th Cir. 1998) ("Nothing is to be more jealously guarded by a court than its jurisdiction.").

Accordingly, this case is dismissed without prejudice. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiffs may pursue their claim in the appropriate state court. Plaintiffs' Motion for

Leave to Proceed *In Forma Pauperis* and Motion for Attorney Representation are denied as moot.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 24, 2017